IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BRETT T. HALL ) | C/A No.: 2:23-cv-5614-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT** |
| ) | |
| KIPLING VENTURES HOLDING ) | **Jury Trial** |
| CO., LLC., KIPLING RESERVE, ) | |
| LLC, SIMEON RAMSDEN, ) | |
| individually, RESERVE ) | |
| OWNERSHIP GROUP, LLC, and ) | |
| RESERVE VENTURES, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW the Plaintiff Brett Tyler Hall, complaining of the above-named defendants and who alleges unto this Honorable Court as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff is a resident of Berkeley County, South Carolina.

2. Upon information and belief, the defendant Kipling Ventures Holding Co., LLC ("KV Holdings") is organized and existing under the laws of the State of Delaware, and upon further information and belief has conducted business in the South Carolina, including but not limited to entering into contracts and agreements as explained herein.

3. Upon information and belief, the defendant Kipling Reserve, LLC ("Kipling Reserve") is organized and existing under the laws of the State of Delaware, and upon further information and belief has conducted business in the South Carolina, including but not limited to entering into contracts and agreements as explained herein.

4.      Upon information and belief, the defendant Simeon Ramsden ("Ramsden") is either a citizen of the United Kingdom, the United State of America, or both. But in either event is a resident of the state of Florida, and upon further information and belief has conducted business in South Carolina as explained herein.

5.      Upon information and belief Keowee River Club, LLC ("KRC") is organized and existing under the laws of the state of South Carolina, and in addition to owning property in South Carolina owns and operates a private golf and country club known commonly as the Reserve at Lake Keowee located in Pickens County, South Carolina.

6.      Upon information and belief Reserve Ownership Group, LLC ("ROG") is organized and existing under the laws of the state of Delaware, and conducts business in South Carolina under a Certificate of Authority issued by the South Carolina Secretary of State and which maintains a registered agent in Charleston County, South Carolina.

7.      Upon information and belief ROG is (or the times relevant to this action was) the owner of all the membership interests in and/or assets of KRC, and KRC was/is the record owner of certain real property in a private golf and country club development known commonly as the Reserve at Lake Keowee located in Pickens County, South Carolina.

8.      Reserve Ventures, LLC, is organized and existing under the laws of the State of Georgia, which upon information and belief, either before, during, or after the actions alleged herein, acquired all membership interest in and/or assets of ROG and by extension KRC.

9.      Upon information and belief, Reserve Ventures, LLC acquired ROG from KV Holdings and/or Kipling Reserve, and Reserve Ventures, LLC is now the *de facto* owner and operator of KRC.

10. Reserve Ventures, LLC is named herein as the owner, either directly or indirectly, of ROG and/or KRC.

11. This action stems from the promissory note executed by KV Holdings, on or about April 29, 2022, by which KV Holdings was obligated to make payment to Hall.

12. KV Holdings has defaulted on the note.

13. Ramsden is (or at the relevant times hereto was) the manager and member of KV Holdings, Kipling Reserve, and/or ROG, and engaged in the conduct alleged herein on behalf of himself as well as KV Holdings, Kipling Reserve, and/or ROG and such conduct occurred, at least in part in the state of South Carolina.

14. This Court has subject matter jurisdiction over this action.

15. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

16. Upon information and belief, KV Holdings is a real-estate development company and in the business of purchasing, developing and/or managing residential communities either itself or through subsidiary entities.

17. Upon information and belief KV Holdings is managed and controlled by Ramsden.

18. In 2022, Ramsden and/or KV Holding identified a potential investment opportunity to acquire the undeveloped real estate, existing golf club, and association management of a private golf and lakefront Community in Pickens County, South Carolina commonly known as the Reserve at Lake Keowee, (the "Reserve").

19. At the time, the undeveloped real estate, golf club, and association management of the reserved was owned/operated by (at least) three different South Carolina entities: (i) KRC (a

3

South Carolina limited liability company); (ii) KRC Golf Group, LLC (a South Carolina limited liability company); and (iii) The Reserve at Lake Keowee Community Association, Inc. (a South Carolina non-profit entity). Collectively all these entities are referred to herein as the "Reserve Companies."

20. Upon information and belief, in order to facilitate this transaction KV Holdings and/or Ramsden created or caused to be created: (i) Kipling Reserve—a Delaware entity—on February 22, 2022, and (ii) ROG—a South Carolina entity—on March 2, 2022.

21. Upon information and belief, at the times alleged herein, KV Holdings owned a controlling interest in Kipling Reserve, and Kipling Reserve in turn owned the controlling interest in ROG.

22. ROG (as a subsidiary to KV Holdings) was created as a single purpose entity to purchase the various Reserve Companies.

23. To finance the purchase of the Reserve Companies, Ramsden solicited funds on behalf of KV Holdings, and its subsidiaries Kipling Reserve, and ROG.

24. In exchange for $300,000.00 from Hall, on April 29, 2022, Ramsden, on behalf of KV Holdings executed a promissory note which is attached hereto as **Exhibit A** and incorporated herein by reference.

25. By its terms, the note required payment by KV Holdings to Hall of $375,000 (the Repayment Amount) on or before May 30, 2022 (the repayment date).

26. KV Holdings failed to pay the Repayment Amount when due, and pursuant to the terms of the note, effective June 1, 2022, the Repayment Amount began to accrue interest at 10% per annum.

27. In September of 2022, after the purchase of the Reserve Companies closed, Hall inquired when he should expect repayment.

28. On September 16, 2022, Ramsden, in his capacity as "Manager" of the Reserve agreed to pay Hall $50,000.00 as an "extension payment" and further agreed to modify the note by increasing the amount due to $400,000.00, which after the purchased extension was due on or before November 16, 2023.

29. Ramsden represented the extension would result in payment because the Reserve was planning an upcoming "liquidity event."

30. The extended deadline of November 16, 2023, passed without payment of the $400,000.00 due under the note.

31. In exchange for a second brief extension to accommodate the "liquidity event," Ramsden acting on behalf of the Reserve granted Plaintiff a free "Premier" category membership in the Reserve at Lake Keowee Club—waiving both the initial membership deposit and monthly dues, and also agreeing this membership would be transferable.

32. The Reserve at Lake Keowee Club was owned and operated by KRC (one of the Reserve Entities) and on December 7, 2022, Plaintiff and KRC executed a membership agreement for a free and transferable premier membership.

33. This membership agreement was executed for KRC by Maria Steward at the direction of Ramsden. At the time Ms. Steward was the Director of Membership and Executive Assistant to the General Manager of The Reserve at Lake Keowee.

34. Upon information and belief, in the later months of 2022, or the early months of 2023, KV Holdings and/or Kipling Reserve sold all outstanding equity/stock in ROG to Reserve Ventures, LLC.

35. Upon information and belief, this transaction was the "liquidity event" for which the term of the promissory note had been extended.

36. Upon information and belief, the proceeds from this sale were used for the benefit of Ramsden personally, rather than to pay the creditors of KV Holdings, Kipling Reserve, or ROG.

37. After purchasing ROG, Reserve Ventures, LLC, became the *de facto* owner of the Reserve Entities (which are owned by ROG) including the KRC, which had previously executed a membership agreement with Plaintiff.

38. As a result of the aforementioned acquisition an agency relationship existed between ROG and Reserve Ventures, LLC such that the former was the agent of the later.

39. Upon information and belief, at the time Reserve Ventures, LLC purchased ROG, it was aware of the obligations owed to Plaintiff.

40. On or about January 18, 2023, Maria Stewart sent notice to Plaintiff recalling/cancelling Plaintiff's Premier Membership on behalf of Reserve Ventures, LLC as the "new owners" of KRC.

41. To date Hall has been paid no portion of the amounts due under the note as amended except the $50,000.00 extension payment.

42. Upon information and belief, the complicated and confusing series of companies and parents/subsidiaries was part of an intentional effort to mask, disguise, or otherwise make it difficult for those involved in the Reserve transaction to know who they were dealing with.

43. Upon information and belief KV Holdings, Kipling Reserve and/or ROG were mealy shells for Ramsden.

44. Because the operations of KV Holdings, Kipling Reserve, and ROG are intertwined, particularly with regard to the subject promissory note, and because Ramsden, acting

6

on behalf of KV Holdings, Kipling Reserve, and ROG acted with bad faith, as more fully set forth herein, KV Holdings, Kipling Reserve, and ROG should be amalgamated (where applicable) under the single-business enterprise theory.

45. Reserve Ventures, LLC as the principal of ROG is responsible for the actions and liability of ROG to the extent it adopted those actions ROG that were taken prior to its acquisition of ROG, and Reserve Ventures, LLC is responsible for the actions of ROG take after its acquisition.

## AS A CAUSE OF ACTION AGAINST KV HOLDINGS
### (Breach of Contract/Breach of Note)

46. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

47. There existed a valid and enforceable contract between Plaintiff and KV Holdings, *to wit,* the note.

48. Plaintiff did not breach the contract and satisfied all conditions precedent, if any, required of him.

49. In failing to make payment to Plaintiff as required by the note, KV Holdings has breached the note.

50. As the direct and proximate result of this breach, Plaintiff has suffered damages consisting of the amount due under the note as amended, plus the additional consideration for the extension(s), together with interest, costs, attorney fees, and prejudgment interest, as due and collectable thereunder in an amount to be determined at trial.

**AS A CAUSE OF ACTION AGAINST KV HOLDINGS, KIPLING RESERVE, ROG, AND RAMSDEN**
**(Breach of Contract Accompanied by Fraudulent Act)**

51. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

52. There was a valid contract between Plaintiff and KV Holdings.

53. At all relevant times hereto, Ramsden was an officer, manager, and/or member of both KV Holdings, Kipling Reserve, and ROG.

54. In this capacity, Ramsden engaged in conduct of dishonesty in fact, unfair dealings, and/or acted with a design to appropriate Plaintiff's money and avoid repayment of the note by making false and misleading promises and representations.

55. Ramsden knew or should have known his promises and representations were untrue and misleading.

56. Ramsden's conduct related to the breach of the aforementioned note was undertaken with fraudulent intent.

57. As a direct and proximate result of this fraudulent conduct Plaintiff has suffered damages which he entitled to recover, together with punitive damages, both in an amount to be determined at trial.

**AS A CAUSE OF ACTION AGAINST KV HOLDINGS, KIPLING RESERVE, ROG, AND RAMSDEN**
**(Promissory Estoppel)**

58. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

59. Ramsden on behalf of himself and/or ROG and/or KV Holdings and/or Kipling Reserve assumed and promised to make payment of the debt owed to Hall on behalf of KV

Holdings and promised to pay additional consideration for this extension in the form of an increased repayment amount plus a premier membership in the Reserve at Lake Keowee Club.

60. Ramsden on behalf of himself and/or ROG and/or KV Holdings and/or Kipling Reserve promised to pay the obligations under the note plus this additional consideration upon the occurrence of a liquidity event.

61. Plaintiff reasonably and foreseeably relied on this promise, and as a direct and proximate result has suffered damages in the loss of the amount due under the note, together with the additional consideration promised, together with interest, costs, and attorney fees in an amount to be determined at trial.

### AS A CAUSE OF ACTION AGAINST KV HOLDINGS, KIPLING RESERVE, AND RAMSDEN
**(Money Had and Received)**

62. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

63. Plaintiff is the rightful owner of money entrusted to Ramsden and KV Holdings.

64. Defendants, in various particulars, are in possession of Plaintiff's money, which rightfully belongs to Plaintiff and, in equity and good conscience, Defendants must not be allowed to retain Plaintiff's funds.

65. In equity and good conscience, Plaintiff is entitled to a judgment ordering Defendants to pay over to Plaintiff all of Plaintiff's money, including profits and proceeds gained therewith.

### AS A CAUSE OF ACTION AGAINST KV HOLDINGS, KIPLING RESERVE, AND RAMSDEN
### (Unjust Enrichment/Quantum Meruit)

66. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

67. Plaintiff conferred a benefit upon Defendants in the form of money requested by Ramsden in connection with financing the purchase of the Reserve Companies.

68. Defendants accepted the benefit conferred knowing and understanding the terms upon which Plaintiff expected to be repaid if he agreed to provide funding.

69. Defendants have realized and enjoyed the benefit of Plaintiff's money, which upon information and belief was used for Defendants' individual and collective financial gain.

70. Plaintiff has not acted inequitably and comes to court with clean hands.

71. Retention of this benefit by Defendants, without repayment to Plaintiff is unjust and inequitable.

72. Plaintiff is entitled to judgment against Defendants for all resulting damages, including the reasonable value of the benefit received by Defendants, plus pre-judgement interest thereon, in an amount to be shown at trial.

### AS A CAUSE OF ACTION AGAINST KV HOLDINGS, KIPLING RESERVE, & RAMSDEN
### (Constructive Trust)

73. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

74. Ramsden, on behalf of himself and/or ROG represented that KV Holdings would acquire the ability to repay the note after a "liquidity event."

75. Upon information and belief, that liquidity event took the form of the sale of ROG to Reserve Ventures, LLC, which through the purchase of ROG became the owner/operator of the Reserve Companies.

76. The proceeds of that asset sale were retained by KV Holdings, Kipling Reserve, and/or Ramsden personally.

77. In equity and good conscious, the funds derived from the liquidity event are and should be held in trust for the benefit of/repayment of Plaintiff.

**AS A CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Violation of the S.C. Unfair Trade Practices Act – S.C. Code Ann. §39-5-10 *et seq.*)**

78. Plaintiff incorporates the foregoing paragraphs as if restated verbatim, except where inconsistent.

79. Plaintiff suffered an ascertainable loss of money as a result of the conduct alleged herein on the part of Defendants.

80. KV Holdings, Kipling Reserve, ROG, and/or Ramsden personally used artifice, deceit and misrepresentations in an effort to avoid or postpone its payment obligation to Plaintiff, in order to arrange for the sale of ROG.

81. The convoluted and complicated maze of corporate entities involved in this process was part of the scheme.

82. Through the use of this scheme KV Holdings, Kipling Reserve, ROG, and/or Ramsden personally received financial benefit at the expense of Plaintiff.

83. At the time it acquired ROG, Reserve Ventures, LLC knew of the obligations owed to Plaintiff and others, and knew of, or should have known of, the actions taken by ROG regarding Plaintiff.

84. After its acquisition by Reserve Ventures LLC, ROG continued its actions to deprive Plaintiff of consideration previously promised and/or delivered, including but not limited to the extension payment and Premiere Membership.

85. As a direct and proximate result of this scheme Plaintiff suffered damage in an amount to be determined at trial.

86. Upon information and belief, Plaintiff was not the only victim of the scheme described above, which has been employed against others.

87. This scheme and conduct has an adverse effect on the public interest in South Carolina because it has been, and is capable of being repeated.

88. It was foreseeable that this scheme and conduct would have an adverse impact on the public interest in South Carolina, and such impact on the public has occurred inasmuch as Defendants, upon information and belief, are currently facing other complaints brought by other victims in relation to the same or substantially similar grounds as alleged herein. These other incidents reveal a pattern of conduct that is and was capable of repetition, and in fact was repeated by Defendants.

89. These other incidents demonstrate that Defendants' conduct is and was capable of repetition and amounts to conduct which is a violation of those actions prohibited by the Act.

90. The conduct of Defendants amount to a violation of those actions prohibited by the South Carolina Unfair Trade Practices Act.

91. Defendants knew or should have known their conduct was in violation of the Act, and therefore a willful violation of the Act occurred.

92. As a direct and proximate result of these actions by Defendants, Plaintiff has suffered damages consisting of an ascertainable loss of money as alleged herein. Therefore,

Plaintiff is entitled to a judgment against Defendants for all resulting, actual, consequential, and special damages, along with treble damages and reasonable attorney's fees and costs, in an amount to be determined at trial.

93. Reserve Ventures, LLC is named herein because upon information and belief it owns and operates ROG, and that some of the acts alleged to be committed by ROG herein were undertaken at the direction of, or with the knowledge of the Reserve Ventures, LLC, such that ROG was an agent of Reserve Ventures, LLC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a) That judgment be entered in favor of Plaintiff and against the Defendants;

b) That Plaintiff be awarded all actual, consequential, special, and treble damages in an amount to be determined at trial;

c) That Plaintiff be awarded punitive damages in an amount to be determined at trial;

d) That this Court Order that all money received by KV Holdings, Kipling Reserve, ROG and/or Ramsden from the sale of the Reserve Companies is held in trust for the benefit of Plaintiff;

e) That Plaintiff be awarded prejudgment interest together with attorney fees and costs; and

f) That Plaintiff be granted other and further relief as this Court may deem proper.

[signature block to follow]

13

Respectfully submitted,

THURMOND KIRCHNER & TIMBES, P.A.

/s/ Thomas J. Rode
Thomas J. Rode (Fed. Bar #11139)
15 Middle Atlantic Wharf
Charleston, SC  29401
(843) 937-8000
thomas@tktlawyers.com
*Attorney for Plaintiff*

&

RIESEN DURANT LLC

/s/ G. Rutledge DuRant
G. Rutledge DuRant (Fed. Bar #9792)
613 Long Point Road, Suite 100
Mount Pleasant, SC 29464
(843) 800-0809
rutledge@riesendurant.com
*Attorney for Plaintiff*

November 3, 2023
Charleston, South Carolina

## VERIFICATION

I, Brett T. Hall, first being duly sworn in accordance with law, and with personal knowledge of the facts and subject matter stated and alleged therein, do hereby depose and state that I have fully read the foregoing Verified Complaint made against the above captioned defendants, and that the facts stated and alleged therein are true to the best of my knowledge, except where stated to be based upon information and belief, in which case I believe such facts to be true.

_____
Brett T. Hall

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

This instrument was sworn to and executed before me this __31__ day of October 2023 by Brett T. Hall, who is personally known to me or who has produced adequate proof of his identification and who did take an oath.

_____
Notary Public for the State of South Carolina

My Commission Expires: __1/4/2032__

# **<u>Exhibit A</u>**

DocuSign Envelope ID: 8159E758-0A15-4CA1-B68D-60EA54EDAE30

SATISFACTION: The debt evidenced by this Note and Security Agreement has been satisfied in full this _____ day of _____, 202___.

Signed:_____

# PROMISSORY NOTE

$300,000.00

April 29, 2022

      FOR VALUE RECEIVED the undersigned Maker promises to pay to Brett Tyler Hall and his successors and or assigns (hereinafter "Holder") the principal sum of Three Hundred Thousand and 00/100's DOLLARS ($300,000.00), with interest from the date of hereof or as otherwise provided below, at the rate of Zero Percent (0.00%) per annum on the unpaid balance until paid in full or until default, both principal and interest payable in lawful money of the United States of America to the Holder at such address as the Holder shall designate from time to time.

      The outstanding principal balance of this Note, together with all accrued and unpaid interest and other amounts owed by Borrower, shall be due and payable in a single lump sum that shall be equal to One Hundred Twenty-Five Percent (125%) of the principal. The Holder, at its sole election, has the right to seek repayment in one of the two options below:

1. The sum of $375,000.00 shall be due and payable no later than 30 May 2022, or if Holder so elects,

2. In the form of a deed to a developable house lot at The Reserve at Lake Keowee valued at $425,000. If Holder chooses this to receive a house lot as its compensation the Maker shall have one year in which to develop and transfer ownership of said lot to the Holder. During the one year development period the Note shall automatically be extended and it shall not be deemed in default.

      If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, then to costs and fees, and the remainder applied to the unpaid principal. Unless otherwise provided, this Promissory Note and Security Agreement may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

      All unpaid installments, the principal sum, together with all interest accrued thereon of this Promissory Note and Security Agreement will become due and payable immediately if any of the scheduled payments are not made by the due dates specified herein. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. Should Maker default under this and the default continues for a period of time in excess of thirty days, the unpaid principal, accrued interest and all other sums or fees due under this Promissory Note shall bear interest at the rate of Ten Percent (10.00%) per annum after default until the default if fully cured. All parties to this Promissory Note and Security Agreement, including Maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due hereunder notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

      Upon default the Holder of this Promissory Note may employ an attorney to enforce the Holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorneys' fees; however, attorneys' fees shall be computed according to the time actually and

1

reasonably expended by legal counsel times a reasonable hourly rate plus customary out of pocket costs and not be computed in accordance with any statutory presumption. The rights and remedies of the holder as provided in this Promissory Note cumulative and may be pursued singly, successively, or together against the property described herein or any other funds, property or security held by the Holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy, or any delay in exercising such right or remedy, shall not be deemed a waiver of release of such rights or remedies or the right to exercise any of them at another time.

This Note is given for value received and shall be governed and construed in accordance with the laws of the State of Florida. This Note is an unsecured obligation of Maker. Upon the execution and delivery of this note, the prior notes issued by Maker to Holder shall be superseded and replaced with this Note and all such prior notes shall be deemed cancelled and unenforceable in all respects.

IN TESTIMONY WHEREOF, the Maker has caused this instrument to be executed as an authorized act of the limited liability company effective as of the day and year first above written.

IN TESTIMONY WHEREOF, each individual Maker has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside his name, the day and year first above written.

Kipling Ventures Holding Co, LLC

By: _____ (SEAL)
    DocuSigned by: S. Ramsden
    3BE60EFBA92E402...

Name: Simeon Ramsden  CEO

Title: Manager

Holder

By: _____ (SEAL)

Name: Brett Tyler Hall

Title:

2